## CIRCUIT COURT OF THE CITY OF ROANOKE

Cornerstone
Custom Homes, L.L.C.

v.

Blackstock, Inc.

September 10, 2002

Case No. CL01-322

BY JUDGE CHARLES N. DORSEY

At the time of the hearing on September 3, I ruled on certain matters pertaining to discovery, and Mr. Kurtin is preparing an order as to those rulings. I also took under advisement two other issues in this matter. The first was a ruling on the plaintiff's plea in bar. I requested that counsel each submit any additional argument or authorities in writing which has been done and which I have received and reviewed. I also took under advisement the plaintiff's motion for sanctions pertaining to certain answers to interrogatories which the plaintiff contends necessitated the taking of depositions of persons who had little, if any, knowledge of the facts alleged.

The plaintiff's plea in bar essentially alleges that paragraph five of the contract between the parties (the existence of which, and the terms of which, are uncontroverted) constituted the "sole method for defects in workmanship" by the plaintiff to be called to the attention of the plaintiff by the defendant. The plaintiff, as part of its plea in bar, also argues that the written notice set out in paragraph five of the contract is a "condition precedent" to maintain any claim against the plaintiff. Of course, the plea in bar may be submitted, with an identified body of facts, for the trial court's determination, as has been done in this case. *Kroger Co. v. APCO*, 244 Va. 560, 422 S.E.2d 757 (1992).

Counsel for the defendant urges that the language in paragraph five is clear and by its terms pertains only to defects becoming known after the date

of completion. The language in question states that the plaintiff guarantees the work performed for a period of one year "from the date of completion." The paragraph goes on to say that, "if, *within said period*, any defects in workmanship will occur, and the owner gives the contractor prompt written notice thereof," (emphasis added) the contractor will take action to repair said defects. As alleged by argument of counsel in the hearing in this matter, the pleadings previously filed, and the authority and argument submitted in writing, the complaint of defendant occurred prior to completion of the work which was the subject of the contract. Contracts must be construed as written, and Virginia adheres to the "plain meaning" rule. *Appalachian Power Co. v. Greater Lynchburg Transit Co.*, 236 Va. 292, 374 S.E.2d 10 (1988). While the parties may disagree as to the construction of the language in issue, such disagreement does not render it ambiguous. The question of ambiguity is a question of law to be determined by the court. *Douglas v. Hammett*, 28 Va. App. 517, 507 S.E.2d 98 (1998). The language in question is plain and unambiguous.

For the reasons set out above, I overrule the plaintiff's plea in bar.

Pertaining to the other issue taken under advisement, being that of sanctions, I have reviewed the purported answers to interrogatories and the transcripts of depositions, about which the plaintiff complains. Although the proffered photocopies of discovery material are not entirely clear, I will assume, for the purposes of this issue, that the interrogatories and supplemental interrogatories were clearly understood by both parties and that the answers provided were essentially the names and addresses of particular individuals. Those individuals, when deposed, professed to have little, if any, knowledge of the issues which had been addressed by the interrogatories and supplemental interrogatories.

As a result of the essentially fruitless pursuit of the depositions by the plaintiff, the plaintiff contends that it is entitled to sanctions, being reimbursement of court reporter's fees and attorney's fees incurred in pursuing the depositions. As a basis for this motion, the plaintiff cites Virginia Code § 8.01-271.1 and Rule of Court 4:12.

Rule 4:12, of course, provides for sanctions when a party fails to respond appropriately to discovery. The rule further provides that an evasive or incomplete answer shall be treated as a failure to answer. The gist of the plaintiff's allegation in the matter pertaining to discovery is that the defendant responded and the response was essentially useless, not evasive or incomplete. I do not find that sanctions are appropriate pursuant to Rule 4:12.

Virginia Code § 8.01-271.1 has an objective standard of reasonableness. In pertinent part, it requires that an attorney signing a pleading, motion, "or

other paper" certify that it is well grounded in fact and not interposed for an improper purpose. Plaintiff does not allege, and probably could not, that defense counsel's answers to interrogatories were not grounded in fact or were interposed for any improper purpose. Defendant's counsel is well known to counsel for the plaintiff as well as to the Court and enjoys a good reputation.

There are numerous possible alternative explanations for defendant's answers other than improper purposes. When reputable counsel file answers to discovery and opposing counsel cannot either (a) allege that such responses are not grounded in fact, or (b) allege that such responses are interposed for an improper purpose, I will not, and do not believe I can, impose sanctions.